IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

STEPHYN RYAN and
DONNA DOUGHTY,

        Plaintiffs,

v.                                                       No. CIV 96-711 BB/WWD

SAN JUAN COUNTY, SAN JUAN
PUBLIC WORKS DEPARTMENT,
TONY ATKINSON, in his individual
capacity, and CHARLENE SCOTT,
in her individual capacity,

        Defendants.

## MEMORANDUM OPINION AND ORDER REGARDING WITNESSES AND FURTHER DISCOVERY

THIS MATTER is before the Court on Plaintiffs' motion to supplement their witness list, and the Court having considered the briefs of counsel and being fully advised, FINDS the motion should be Granted in Part and Denied in Part.

### Discussion

Plaintiffs filed this suit on May 22, 1996, alleging that Plaintiff Ryan was wrongfully terminated for whistle blowing and challenging San Juan County's

["County"] policy of awarding public works contracts on the basis of "political favoritism."

A Rule 16 conference was held April 1, 1997, and, as a part of that conference, it was decided that all discovery would be completed before September 15, 1997. No attempt to initiate discovery was had by Plaintiffs until Plaintiffs filed their motion for expedited review of their motion to enlarge discovery deadlines on September 5, 1997. At a telephone conference held September 10, 1997, Magistrate Judge Deaton ruled that discovery could be extended until October 15, 1997; but such discovery would be limited to depositions of Stephyn Ryan, Tony Atkinson, and Charlene Scott. Plaintiffs now claim that as a result of information obtained in those depositions, they have determined that additional witnesses, Jack Dennison and Hormuzd Rassam, are necessary to the presentation of evidence in their case.

The parties do not dispute Plaintiffs' request to add another two witnesses is governed by the "good cause" standard of Federal Rule of Civil Procedure 16, and "good cause" requires "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981). This Court must therefore consider whether there is "good cause" to permit Plaintiffs to call witnesses which were not

disclosed during the extended discovery period.  This requires a factual analysis of Plaintiffs' proffer as to each witness.

Mr. Hormuzd Rassam

Mr. Rassam is an engineer who sought to provide contractual services to the County.  At or near the time Plaintiff Ryan became the Public Works Director, he alleges he was told by Defendant Atkinson that the County had a policy of not hiring or contracting with Mr. Rassam's firm.  Indeed, Mr. Rassam filed his own suit in this Court challenging the County's contracting policies.

Plaintiffs maintain the reason the County refused to deal with Mr. Rassam was because work was funneled to a construction firm which was "politically well connected."  Plaintiffs summarize the relevance of Mr. Rassam's testimony as follows:

> During this period wherein Plaintiff was foreclosed from considering Mr. Rassam's firm, his department initiated public works projects that began to use more of the existing county resources and less outside contracting services.  This saved the County money.  For his efforts, Plaintiff was summoned to a lunch at which the politically powerful people of Brewer and Associates, including Mr. Richard Cheney (a former state representative), told Plaintiff that Cheney was responsible for state funds being available to the public works department and that Plaintiff should stop trying to reduce the County's need for outside services, such as those provided by Cheney's firm.

3

>The foregoing succinctly describes the relevance of Mr. Rassam's testimony to the facts of this case.

(Reply Defs' Resp. Witness List Addition at 3).

Nothing in this summary indicates Plaintiff Ryan was previously unaware of Mr. Rassam's bids to the County or that the projects were awarded to others or that Plaintiffs challenged these awards. The phrase "good cause" is usually tested by examining the diligence of the party asking for relief. *Tschantz v. McCann*, 160 F.R.D. 568 (N.D. Ind. 1995). None is shown here. Thus, Plaintiffs have failed to demonstrate "good cause" for their failure to discover and disclose Mr. Rassam as a potential witness within the extended discovery deadline. *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507 (10th Cir. 1990); *Gardner v. Safeway Stores, Inc.*, 99 F.R.D. 258 (D. Kan. 1983). Moreover, Plaintiffs must show the proffered new testimony will fill a significant gap in the proof. 28 FEDERAL PROCEDURE L. Ed § 64:28 at 390. Mr. Rassam's testimony seems peripheral to Plaintiffs' claim and may well be challenged under Rule 403.

<u>Mr. Jack Dennison</u>

Plaintiffs have alleged Defendant Charlene Scott was "at all times material hereto employed by the San Juan County as either Assistant Director of Personnel of San Juan County or Public Works Department Office manager."

(Compl. § 21).  Defendants Scott and Atkinson were allegedly involved in a San Juan County Sheriff's Department investigation into illegal purchasing practices at the Public Works Department.  Plaintiffs allege Mr. Dennison is Defendant Scott's former boyfriend.  Mr. Dennison was apparently identified during Defendant Scott's deposition as an agent and representative of Dust Control, Inc., a company named in the Initial Pretrial Report ["IPTR"] as involved in the investigation.  At the time of the IPTR, Plaintiffs did not know the name of a particular employee at Dust Control, Inc.

Again, Plaintiffs' failure to discover Mr. Dennison's identity shortly after Dust Control was identified in the IPTR is unexplained and again this evidence may well be subject to exclusion at trial.  However, since Mr. Dennison was identified generically in the IPTR and it is at least possible he could provide relevant evidence, the Court will permit him to be added to the pretrial witness list if he is made available for deposition on or prior to December 12, 1997. The Court will further require that in the event Plaintiffs wish to add Mr. Dennison to the witness list, they will pay the cost of his deposition, not to include attorneys' fees which the Court reserves the right to assess at a later time.  *See Comcoa, Inc. v. NEC Tel., Inc.*, 931 F.2d 655 (10th Cir. 1991).

## **O R D E R**

Based on the foregoing, Plaintiffs will not be allowed to add Hormuzd Rassam to the witness list, but will be permitted to add Jack Dennison provided they make him available for deposition on or before December 12, 1997, and advance the cost of such deposition.

Dated at Albuquerque this 26th day of November, 1997.

_____
BRUCE D. BLACK
United States District Judge


Counsel for Plaintiffs:
    William J. Friedman
    Santa Fe, NM

Counsel for Defendants:
    Richard L. Gerding
    Gerding & O'Loughlin
    Farmington, NM